## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THERMO NITON ANALYZERS, LLC and** | ) |
| **THERMO FISHER SCIENTIFIC, INC.,** | ) |
|     **Plaintiffs,** | ) |
| | ) |
|     **v.** | )     **Civ. Action No. 10cv10374-NG** |
| | ) |
| **MORNINGSIGHT CAPITAL, LLC f/k/a** | ) |
| **MORNINGSIDE CONSULTING GROUP,** | ) |
| **INC., d/b/a MORNINGSIDE CAPITAL** | ) |
| **GROUP, and LAWRENCE A. OBSTFELD,** | ) |
|     **Defendants.** | ) |

**GERTNER, D.J.:**

## MEMORANDUM AND ORDER RE: MOTION TO TRANSFER
### July 16, 2010

Plaintiffs, Thermo Niton Analyzers, LLC and Thermo Fisher Scientific, Inc.,

(collectively "Thermo") have brought this action against defendants, Morningsight Capital, LLC,

Morningside Consulting Group, Inc., and Lawrence Obstfeld, seeking rescission of a series of

agreements the parties entered into for financial advisor services. Defendants have filed a

motion to transfer to the Eastern District of New York pursuant to 28 U.S.C. § 1404(a). Because

there is already a pending action arising out of the same contract in New York Supreme Court

and the vast majority of the parties' relationship took place in New York, I find that this matter

should be transferred to the Eastern District of New York. Accordingly, defendants' motion to

transfer (document #12) is **GRANTED**.

## I.    BACKGROUND

### A.    Parties

Plaintiff Thermo Niton Analyzers, LLC, the successor in interest to Niton Corporation, is

a Delaware corporation with its principle place of business in Billerica, Massachusetts. It is a

wholly-owned subsidiary of Thermo Fisher Scientific, Inc. (Compl. ¶ 1.) Plaintiff Thermo Fisher Scientific, Inc. is a Delaware corporation with its principle place of business in Waltham, Massachusetts. (Id. ¶ 2.) Both Thermo Niton and Thermo Fisher are registered as foreign entities doing business in New York. (McLaughlin Aff. Ex. G at 3, 9 (New York Supreme Court Decision and Order)).

Defendant Morningsight Capital, LLC ("MSC") is a New York limited liability company with its principle place of business in Brooklyn Heights, New York. (Obstfeld Decl. ¶ 6; Compl. ¶ 3.) Defendant Lawrence Obstfeld is an individual residing in Brooklyn Heights, New York, and the founder and sole member of MSC. (Obstfeld Decl. ¶¶ 1, 7; Compl. ¶ 5.) Morningside Capital Group ("MCG"), the alleged predecessor-in-interest to MSC, is a Delaware corporation with its principle place of business in Delaware. (Obstfeld Decl ¶ 25.) Obstfeld is a director of MCG. (Id. ¶ 16.)

## B. Niton and MCG's Agreement

Niton Corporation and MCG entered into an agreement on December 3, 2001, in which MCG agreed to provide advisory services to Niton for the purpose of finding "a joint venture partner, a strategic investor, an investor and/or some other business combination." (Obstfeld Decl. Ex. B.) MCG was to be compensated with a combination of cash and stock warrants based on the amount of capital raised.[1] (Id.) The Agreement allowed either party to unilaterally cancel it with sixty days' notice. (Id.; Compl. ¶ 10.) On September 6, 2002, the parties entered into a superceding agreement (collectively, the "Agreements"). (Compl. ¶ 11; Compl. Ex. B.) Then,

---

[1] The stock warrants contained a Massachusetts choice of law provision. (McLaughlin Aff. ¶ 12.)

-2-

by letter dated June 6, 2003, Thermo attempted to terminate the Agreements. (Compl. ¶ 17.)

Thermo filed this action in Middlesex Superior Court on October 22, 2009, seeking rescission of the Agreements or, in the alternative, a declaration ending all of Thermo's obligations as of June 6, 2003. Defendants removed to this Court and then filed a motion to transfer pursuant to 28 U.S.C. § 1404(a).

## C.    The Parallel New York Action

On June 9, 2009, approximately four months before the commencement of this action in Middlesex Superior Court, Obstfeld and MCG filed a complaint in the Supreme Court of New York. Kings County, for claims against Thermo arising from services provided pursuant to the Agreements. Thermo moved to dismiss the complaint on December 3, 2009 based in part on the existence of the pending Massachusetts action. (Decision and Order at 2.)

In its decision denying Thermo's motion, the New York Supreme Court first noted that Thermo had failed to properly effectuate service in the Massachusetts action, and therefore there was no prior pending case. (Id. at 7.) The court found that both the New York and Massachusetts actions were based on obligations arising from the Agreements, and that the only discrepancies between the two related to the relief requested. (Id. at 9.) It held that the similarity between the two cases lead to the possibility of conflicting rulings and inconsistent results. (Id.) Based on the undisputed ties of all the parties to New York, the court held that the New York action should continue. (Id.)

## II.    DISCUSSION

### A.    Standard of Review

"Under [28 U.S.C.] § 1404(a), a district court may transfer any civil action to any other

-3-

district where it may have been brought '[f]or the convenience of the parties and witnesses, in the interest of justice.'" Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000) (quoting 28 U.S.C. § 1404(a)). The court may take into account several factors, including: "(1) the plaintiff's choice of forum, (2) the convenience of the witnesses and location of the documents, (3) the law to be applied, (4) the connection between the forum and the issues, (5) the state or public interests at stake and (6) the relative convenience of parties." World Energy Alternatives, LLC v. Stottlemyre Indus., Inc., 671 F. Supp. 2d 215, 218 (D. Mass. 2009). Here, the convenience of the witnesses, the applicable law, and the interests of justice weigh heavily in favor of a venue transfer to the Eastern District of New York.

## B.    **Factors Favor Transfer to Eastern District of New York**

Despite the strong presumption in favor of plaintiff's choice of forum, "[w]here the operative facts of the case have no material connection with this district, plaintiff's choice of forum carries less weight." U.S. ex rel. Ondis v. City of Woonsocket, R.I., 480 F. Supp. 2d 434, 436 (D. Mass. 2007) (citation omitted). Here, Massachusetts has little connection to the dispute. The agreement in dispute was signed in New York between corporations registered to do business in New York, and it had a New York choice of law provision. The services rendered were mainly performed in New York. (Obstfeld Decl. ¶¶ 34-36.)  Whatever Massachusetts ties may arise from the stock warrants' Massachusetts choice of law provision are clearly ancillary to the New York connections at stake.

In addition, the convenience of both the parties and non-party witnesses weighs strongly in favor of transfer. "The convenience of the witnesses is 'probably the most important factor, and the factor most frequently mentioned in passing on a motion to transfer under 28 U.S.C.A. §

1404(a).'" Brant Point Corp. v. Poetzch, 671 F. Supp. 2, 3 (D. Mass. 1987) (quoting 15 Wright, Miller & Cooper, Federal Practice and Procedure 2d § 3851, at 415 (1986)). Here, defendants Obstfeld and MSC are in New York. Thermo Niton and Thermo Fisher are registered to do business in New York and are already litigating in New York. Further, only two of Thermo's identified non-party witnesses, Hal Grodzins and Richard Van Wert, reside outside of New York (Brooks Aff. Ex. D) whereas eight of MCG/Obstfeld's ten identified witnesses reside in New York (Obstfeld Reply Decl. ¶ 62).

Finally, the interests of justice favor transfer. "[T]he 'interests of justice' include such concerns as ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1293 (7th Cir. 1989). Here, all three of these factors encourage transfer. Since plaintiffs are registered to conduct business in New York and are already litigating a parallel action arising from the same contested agreement there, they are more likely to obtain effective relief in New York, not Massachusetts. The New York court has already deemed New York to be the more appropriate forum for adjudication of disputes arising from the parties' agreement. Given the similarities in the parallel actions and the New York court's decision to adjudicate the New York action, dismissal here will provide for the most efficient resolution of the controversy by ensuring against inconsistent judgments.

In sum, transfer to the Eastern District of New York will best effectuate § 1404's purpose of "prevent[ing] the waste of time, energy and money" (Van Dusen v. Barrack, 376 U.S. 612, 616 (1984) (internal quotations omitted), by avoiding parallel litigation over the same issues in different fora.

## III.   CONCLUSION

For the reasons stated above, I find that this matter should be transferred to the Eastern

District of New York.  Accordingly, defendants' motion to transfer (**document # 12**) is

**GRANTED.**

**SO ORDERED.**

Date:  July 16, 2010        /s/ Nancy Gertner

**NANCY GERTNER, U.S.D.C.**

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was entered on 7/16/2010 at 4:30 PM EDT and filed on 7/15/2010
Case Name:      Klein v. Unknown Prison Official #1 et al
Case Number:    1:10-cv-10108-JLT
Filer:
Document Number:       23

Docket Text:
SUMMONS Returned Executed Harold W. Clarke served on 7/13/2010, answer due 8/3/2010. (Geraldino-Karasek, Clarilde)

1:10-cv-10108-JLT Notice has been electronically mailed to:

1:10-cv-10108-JLT Notice will not be electronically mailed to:

Viktor Rolf Klein
W86067
Souza Baronowski Correctional Center
PO Box 8000
Shirley, MA 01464

The following document(s) are associated with this transaction:
Document description:Main Document
Original filename:yes
Electronic document Stamp:
[STAMP dcecfStamp_ID=1029851931 [Date=7/16/2010] [FileNumber=3443620-0
] [92cb9e6ecd1cab9be2483a5c367be4a7f1c689691e320833ba0c20ea43da882838e
98efd0c02c1120b136b075f4e7997b5ce09dcc5b363ca073a2369f929edbf]]

Case Name: ☐Klein v. Unknown Prison Official #1 et al

Case Number: ☐1:10-cv-10108-JLT

Viktor Rolf Klein
W86067
Souza Baronowski Correctional Center
PO Box 8000
Shirley, MA 01464
IIImmullılıllıılılllllmllmblıl